U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 NOV -4 PM 2: 37

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

HOUSTON CASUALTY COMPANY, )
as assignee and/or subrogee of Agri-Mark, Inc., )
)
Plaintiff, )
)
v. ) Civil Action No.: 1:16-CV-294
)
RONALD J. RUP, JR., )
)
Defendant. )

## COMPLAINT AND JURY DEMAND

Plaintiff, Houston Casualty Company, as assignee and subrogee of Agri-Mark, Inc., hereby alleges against the Defendant, Ronald J. Rup, Jr., as follows:

### THE PARTIES

1. Plaintiff, Houston Casualty Company ("HCC"), is a Texas corporation with its principal place of business in Houston, Texas.

2. Defendant, Ronald J. Rup, Jr. ("RUP"), is an individual currently residing as an inmate at the USP Lewisburg, located at 2400 Robert F. Miller Drive, Lewisburg, Pennsylvania, pursuant to *United States of America v. Ronald J. Rup, Jr.*, Case No. 1:15-cr-00148-jgm, in the United States District Court, District of Vermont. Prior to reporting to prison on September 13, 2016, RUP resided in Essex Junction, Vermont.

### JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

1

## VENUE

4.      Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims herein occurred in Vermont.

## GENERAL ALLEGATIONS

5.      At all relevant times, RUP was employed by Agri-Mark, Inc. ("Agri-Mark"), a company that makes cheese under the brand name Cabot, as its Manager of IT Infrastructure.

6.      As the Manager of IT Infrastructure, RUP had authority to purchase network components for the construction of Agri-Mark's new corporate headquarters in Waitsfield, Vermont.

7.      At least between July 3, 2012, and March 14, 2014, RUP perpetrated a fraudulent scheme whereby he ordered extra network equipment that was not needed by Agri-Mark, approved payments for purchasing it, and stole it.

8.      RUP sold the stolen equipment to third parties.

9.      As the Manager of IT Infrastructure, RUP used his position of authority and trust to order extra network equipment and cause Agri-Mark to make payments for its purchase totaling $1,488,424, although he knew such equipment would not be used by Agri-Mark.

10.     On April 17, 2014, Agri-Mark terminated RUP for failing to follow proper procedures relating to the submission of invoices to Agri-Mark.

11.     RUP was charged in an Information in connection with his embezzlement scheme, in *United States of America v. Ronald J. Rup, Jr.*, Case No. 1:15-cr-00148-jgm, in the United States District Court, District of Vermont ("the Criminal Case").

12.     RUP pled guilty to the Information, admitting the manner in which he perpetrated the embezzlement scheme as set forth in the Information.

13. RUP was adjudicated guilty in the Criminal Case and a judgment was entered against him on July 14, 2016.

14. Agri-Mark made a claim for its theft loss and its claim expenses under a Crime Protection Policy ("the Policy"), issued by HCC to Agri-Mark, which arose out of and were caused by the wrongful actions of RUP as set forth herein.

15. HCC made payments to Agri-Mark in the total sum of $1,538,425.00 (representing $1,478,425 in theft loss and $60,000 in claim expenses), for the loss described herein.

16. In consideration of its payments for the loss, HCC has been assigned and subrogated to all right, title and interest in and to any and all claims, causes of action or any rights that Agri-Mark has or had arising out of, or connected with, the fraudulent conduct set forth herein, including the right to recover amounts owed by any third parties, until HCC is fully reimbursed for its payments to Agri-Mark totaling $1,538,425.00.

17. In the Criminal Case, RUP forfeited and was ordered to make restitution in full in the amount of $1,550,925.00, first to Agri-Mark, in the amount of $12,500.00 (representing the applicable deductibles under the Policy), and then to HCC, in the amount of $1,538,425.00.

18. To date, HCC has not recovered any monies in connection with RUP's embezzlement scheme.

**FIRST CLAIM FOR RELIEF**
**(For Conversion)**

19. HCC realleges and incorporates by reference the allegations in paragraphs 1-18 above as if fully set forth herein.

20. RUP wrongfully and intentionally converted and appropriated to himself and for his own benefit the funds and property of Agri-Mark.

21. Such conversion was wrongful and inconsistent with Agri-Mark's rights of ownership and possession thereto.

22. As a direct and proximate result of RUP'S acts of conversion, Agri-Mark suffered damages in the amount of at least $1,550,925.00, which claim has been assigned and subrogated to HCC to the extent of its payments to Agri-Mark as set forth above.

## SECOND CLAIM FOR RELIEF
### (For Unjust Enrichment and Constructive Trust)

23. HCC realleges and incorporates by reference the allegations at paragraphs 1-18 above as if fully set forth herein.

24. Beginning from at least July 3, 2012, to March 14, 2014, RUP perpetrated a fraudulent scheme whereby he embezzled Agri-Mark's money and property.

25. As a result of RUP'S fraudulent scheme, RUP was unjustly enriched in the amount of at least $1,550,925. A constructive trust should be imposed as to these funds and the property acquired thereby, at least to the extent of HCC's payments to Agri-Mark totaling $1,538,425.

## THIRD CLAIM FOR RELIEF
### (For Fraud)

26. HCC realleges and incorporates by reference the allegations at paragraphs 1-18 above as if fully set forth herein.

27. Beginning from at least July 3, 2012, to March 14, 2014, RUP, who was in a position of trust and confidence and charged with a fiduciary duty, perpetrated a fraudulent scheme whereby he embezzled money and property from Agri-Mark.

28. Without the knowledge of, consent by or authorization from Agri-Mark, RUP conducted his fraudulent scheme by abusing his authority and access to Agri-Mark's process for ordering, approving and paying invoices to cause Agri-Mark to pay for equipment that would

4

benefit RUP, and by abusing his access to Agri-Mark's inventory, thus diverting Agri-Mark's money and property to himself.

29. Agri-Mark reasonably relied on the honesty and integrity of the equipment orders and the invoice approvals that were falsely and fraudulently made by RUP. Had Agri-Mark known the truth that the equipment orders and invoice approvals by RUP were not for equipment that Agri-Mark would ever be able to use, it never would have paid the invoices.

30. As a result of the foregoing acts, Agri-Mark suffered damages in the amount of $1,550,925, and such other amounts to be proven at trial including pre-judgment and post-judgment interest as permitted by law. As set forth above, HCC has been assigned and subrogated to Agri-Mark's claims to the extent of its payments to Agri-Mark.

**FOURTH CLAIM FOR RELIEF**
**(For Money Had and Received)**

31. HCC realleges and incorporates by reference the allegations at paragraphs 1-18 above as if fully set forth herein.

32. RUP became indebted to Agri-Mark for money and property wrongfully had and received by him which rightfully belonged to Agri-Mark.

33. At least $1,538,425 is the reasonable value of the amount due and payable to HCC, as assignees and subrogees of Agri-Mark's claims, plus pre-judgment and post-judgment interest as permitted by law.

**FIFTH CLAIM FOR RELIEF**
**(For Equitable Subrogation)**

34. HCC realleges and incorporates by reference the allegations at paragraphs 1-18 above as if fully set forth herein.

35. HCC's insured, Agri-Mark, suffered a loss which RUP caused through his acts of theft, embezzlement, conversion, fraud, and misappropriation.

36. HCC compensated Agri-Mark in the amount of $1,538,425 (after application of the deductibles) for the loss for which RUP is liable due to his acts of theft, embezzlement, conversion, fraud, and misappropriation.

37. HCC is therefore equitably subrogated to any and all rights Agri-Mark has to the $1,538,425 paid by HCC to Agri-Mark under the terms of the Policy, and under Vermont law.

38. As a direct and proximate result of RUP'S acts of theft, embezzlement, conversion, fraud and misappropriation, Agri-Mark suffered damages in the amount of $1,550,925. By virtue of Agri-Mark's assignment and principals of equitable subrogation, HCC is entitled to assert all rights of Agri-Mark, to the extent of its payments to Agri-Mark, arising from the acts sued upon herein.

**WHEREFORE**, HCC requests judgment against RUP as follows:

a. General damages of at least $1,538,425;

b. A declaration that RUP is indebted to HCC in the minimum amount of at least $1,538,425;

c. For a constructive trust on RUP'S money and assets, including any and all bank accounts and real or personal property belonging to him;

d. All out-of-pocket claim and recovery expenses in an amount to be proven at trial;

e. Pre-judgment and post-judgment interest as permitted by law;

f. Costs of suit; and

g. Such other and further relief as the Court deems proper.

## JURY DEMAND

HCC demands a trial by jury on all issues so triable.

Dated at Burlington, Vermont, this 4th day of November, 2016.

                          HOUSTON CASUALTY COMPANY

By: *(signature)*
Thomas P. Simon, Esq.
McCormick, Fitzpatrick, Kasper & Burchard, P.C.
40 George Street
Burlington, VT 05401
(802) 863-3494
tps@mc-fitz.com

Counsel for Houston Casualty Company