UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| HOUSTON CASUALTY COMPANY, | : | |
| as assignee and/or subrogee of Agri-Mark, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:16-cv-294-jgm |
| | : | |
| RONALD J. RUP, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

MEMORANDUM AND ORDER
(Doc. 10)

Defendant Ronald J. Rup, Jr., an inmate proceeding pro se, moves for an indefinite postponement of Plaintiff Houston Casualty Company's civil action against him.  (Doc. 10.)  Plaintiff, as assignee and/or subrogee of Agri-Mark, Inc., asserts claims for conversion, unjust enrichment and constructive trust, fraud, money had and received, and equitable subrogation, seeking damages of at least $1,550,925.00.  Defendant answered the complaint.  (Doc. 4.)

The Court previously denied as moot Defendant Rup's motion to delay Early Neutral Evaluation ("ENE") because the case is excused from ENE.  See Dkt. Entry Nos. 7, 9.  He now seeks an indefinite postponement of the action until he is released from prison.  (Doc. 10 at 1.)  He asserts he "does not have access to the legal means or legal minds he needs to properly represent and protect himself" as a result of his incarceration.  Id.  Houston Casualty Company opposes the motion arguing a stay is not warranted in this case because Rup has not demonstrated the interests of justice require a stay.  (Doc. 12.)  Specifically, incarceration alone is not a basis to stay a civil action, Rup has been able to appear and defend himself in this action, and there is no ongoing related criminal prosecution.  Id. at 3-4.  Rup pleaded guilty to wire fraud and was sentenced on July

14, 2016.  He was sentenced to 27 months' imprisonment and restitution of, inter alia, $1,538,425 due to Houston Casualty Company.  See Doc. 12-2.

While a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket," Clinton v. Jones, 520 U.S. 681, 701 (1997), the litigant seeking a stay bears the burden of establishing the need, and must show undue prejudice or interference with constitutional rights.  SEC v. McGinnis, 161 F. Supp. 3d 318, 321 (D. Vt. 2016) (citations omitted).  Factors to be considered include:  (1) the extent to which issues in the criminal case overlap with those of the civil case; (2) the status of the criminal case; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and, (6) the public interest.  Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012).

Here, Rup's incarceration alone is not sufficient reason to delay Plaintiff's efforts to proceed with its case.  His constitutional rights, most notably his Fifth Amendment rights, are not at issue because the criminal case against him has concluded.  Further, he has shown himself capable of participating in the action as he has answered the complaint and filed multiple motions.  Lastly, the interests of the courts and public are not served by a stay.  Accordingly, Defendant's motion for an indefinite postponement (Doc. 10) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of February, 2017.

      /s/ J. Garvan Murtha
      Honorable J. Garvan Murtha
      United States District Judge