UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| HOUSTON CASUALTY COMPANY, | : | |
|---|---|---|
| as assignee and/or subrogee of Agri-Mark, Inc., | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:16-cv-294-jgm |
| RONALD J. RUP, JR., | : | |
| Defendant. | : | |

MEMORANDUM AND ORDER
(Doc. 18)

I.   Introduction

Plaintiff Houston Casualty Company, as assignee and/or subrogee of Agri-Mark, Inc., asserts claims for conversion, unjust enrichment and constructive trust, fraud, money had and received, and equitable subrogation, seeking damages of at least $1,550,925, against Defendant Ronald J. Rup, Jr., an inmate proceeding pro se.  (Doc. 1.)  Defendant answered the complaint. (Doc. 4.)  Plaintiff now moves for summary judgment in the amount of $1,522,935.  (Docs. 18, 18-3 at 2.)  The motion is unopposed; Defendant Rup has filed no response by the filing deadline of July 6, 2017, or to date.

II.   Background[1]

While employed by Agri-Mark, Inc. as Manager of IT Infrastructure, Rup ordered extra equipment, approved payment, and then sold the equipment to third parties for personal gain.

---

[1] Plaintiff's motion is unopposed; Defendant did not file a statement of disputed material facts, affidavits, or other documentary evidence.  Defendant was provided the required Notice to pro se litigants.  See D. Vt. L.R. 56(e), Doc. 18-1.  Accordingly, the well supported factual allegations set forth in Plaintiff's statement of undisputed material facts (Doc. 18-4) are deemed admitted.  See Fed. R. Civ. P. 56(e)(2).

Plaintiff paid Agri-Mark's claim for the theft of its property in the total amount of $1,538,425. Agri-Mark assigned all its rights to recover from Rup to Plaintiff.

On November 5, 2015, Rup entered a guilty plea before this Court to one count of wire fraud, in violation of 18 U.S.C. § 1343. On July 14, 2016, the Court sentenced Rup to a term of imprisonment, and ordered him to forfeit $1,000,000 in the form of a personal money judgment and to pay restitution in the amount of $1,550,925: $12,500 to Agri-Mark, representing its deductibles; and $1,538,425 to Plaintiff, representing its payments to Agri-Mark. Plaintiff has received partial restitution in the amount of $15,490, leaving the remaining amount due $1,522,935.

III. Standard of Review

Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The Court must resolve ambiguities and draw inferences in favor of the non-moving party and decide whether a rational juror could decide in favor of that party under applicable law. Scott v. Harris, 550 U.S. 372, 378 (2007); Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (citation omitted). A material fact is one that "might affect the outcome of the suit." Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008). To defeat summary judgment, a party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). There must be "evidence on which the jury could reasonably find" for the opposing party. Jeffreys v. City of New York, 426 F.3d 549, 553-54 (2d Cir. 2005) (internal quotation marks and citation omitted).

The court's function is not to resolve disputed issues of fact but only to determine whether there is a genuine issue of material fact to be tried. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996). "If, as to the issue

2

on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Fischl v. Armitage, 128 F.3d 50, 56 (2d Cir. 1997) (internal quotation marks and citation omitted).

Here, Defendant Rup has not responded to the Plaintiff's motion. Rule 56, however, requires the Court to examine and verify if the Plaintiff's submission suffices to support an entry of judgment. Vt. Teddy Bear v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). Especially because Rup is pro se, the Court must afford him "special solicitude" before granting the motion for summary judgment. Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994). "Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion . . . is unopposed." Jackson v. Fed. Express, 766 F.3d 189, 194 (2d Cir. 2014).

IV. Discussion

A criminal conviction constitutes estoppel in a subsequent civil proceeding as to the matters determined by the judgment in the criminal case. United States v. Podell, 572 F.2d 31, 35 (2d Cir. 1978); Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 42-43 (2d Cir. 1986). See also Crum & Forster Ins. Co. v. Goodmark Indus., Inc., 488 F. Supp. 2d 241, (E.D.N.Y. 2007) ("[U]nder federal law, a party other than the government may assert collateral estoppel based on a criminal conviction." (internal quotation marks and citation omitted)).

Collateral estoppel applies if: (1) the issues in both proceedings must be identical; (2) the issue in the prior proceeding must have been actually litigated and actually decided; (3) there must have been full and fair opportunity for litigation in the prior proceedings; and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits. Gelb, 798 F.2d at 44.

3

Rup pled guilty to a scheme to defraud Agri-Mark, was convicted, and ordered to pay restitution to Agri-Mark, which has been assigned to Plaintiff. Plaintiff now seeks a civil judgment ordering Rup to pay the restitution he is obligated to pay under the criminal judgment. The Court finds Rup is collaterally estopped from asserting he is not liable for the money owed to Plaintiff based on his criminal conviction. Accordingly, there are no genuine issues of material fact to be determined and Plaintiff's motion for summary judgment must be granted.

V. Conclusion

For the reasons discussed above, Plaintiff Houston Casualty Company's motion for summary judgment (Doc. 18) is GRANTED. Judgment shall enter in Plaintiff's favor in the amount of $1,522,935.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 3rd day of August, 2017.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge